THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



WAGGONER CARR
ATTORNEY GENERAL

March 25, 1965

Honorable Richard Hoerster
County Attorney                                    Opinion No. C-407
Gillespie County
Fredericksburg, Texas                              Re: Whether a County Clerk
                                                       is authorized to is-
                                                       sue a duplicate marri-
                                                       age license under the
Dear Mr. Hoerster:                                     facts stated.

        Your letter requesting an opinion states the following
facts: A man and a woman came to the county clerk's office in
Gillespie County sometime during the year 1962 and took out a
license to marry. A ceremony was performed by a duly ordained
minister acting under authority of the license issued. The re-
turn on the license was made by the minister, and it was placed
in the mails. It was never received by the County Clerk. The
man and woman now request that a duplicate license be issued and
made a matter of record upon the return being again made thereon
by the minister. The clerk has a stub record that the original
license was issued.

        Your question in regard to these facts is stated as
follows:

        "Can the Clerk lawfully issue a duplicate license
    and then record it when the minister has endorsed the
    return?"

        The only statutory provisions authorizing the issuing
and recording of marriage licenses are Articles 4604, 4604c,
4604d, 4606 of Vernon's Civil Statutes. All of these articles
contemplate a marriage license being issued prior to a cere-
monial marriage, and apparently they have been faithfully com-
plied with in everything required, except insofar as the loss
of the license in the U.S. Mails made strict compliance with
Article 4606 impossible.

The problem represented by the fact situation before us is one of first impression in this state. Moreover, our research in the law of other jurisdictions failed to reveal a case in point.

Article 4606, Vernon's Civil Statutes provides as follows:

> "The clerk shall record all licenses so issued by him in a well bound book kept for that purpose. It shall be the duty of the person solemnizing the rites of matrimony to endorse the same on the license and return it to the county clerk within sixty days after the celebration aforesaid; such return shall be recorded with the license."

It has already been held by this office that Article 4606 is to be treated as merely making provision for the return and filing of the license and as directory to officials involved. Attorney General's Opinion V-951 (1949). Implicit in such decision was the holding that where, as in the instant case, the parties themselves have faithfully performed all acts necessary on their part to establish a ceremonial or statutory marriage, neither the malperformance of ministerial acts by third persons nor their inability to perform such acts, will invalidate the parties' attempts.

Loss of records will not vitiate a ceremonial marriage nor reduce it to the status of a common law marriage, but "it will be presumed that proceedings necessary to its validity were regular and valid." Clayton v. Haywood 133 S.W. 1082 (Tex. Civ.App. 1911).

We think without a doubt the intent of the Legislature in drafting Article 4606 was primarily to provide proof of statutory marriage for record, and that it was never intended that loss of the license should make placing a marriage of record impossible, but that such was the result of an oversight on the part of the Legislature.

Nevertheless, although we are clear as to what the answer to the question should be from the analysis above, we believe that the courts of this state are without power to

construct a remedy by authorizing the issuance of a duplicate license. We know of no case which would permit a licensing authority to issue licenses except as provided by statutory law. Your question is therefore answered in the negative.

However, in the case of Brightman v. Commanche County, 63 S.W. 857, 94 Tex. 599 (1901), it was held that where the fact situation is such that a choice must be made between no record, and a record that does not strictly comply with statutory requirements, the command of the legislature is best satisfied through the recording agent acting upon and making a record with that which stands in his office in place of a missing document. Applying the rule of the Brightman case to the facts before us, and recognizing that this is an unusual fact situation, it is our opinion that the clerk should place in the marriage records in lieu of the lost license such affidavits as may be furnished him, together with a copy of the license stub and his own certificate that a license was in fact issued to the parties, thus providing some record of the ceremonial marriage.

## SUMMARY

A County Clerk has no authority to issue marriage licenses except as provided by statute. He therefore could not issue and record a marriage license except as provided by Articles 4604, 4604c, 4604d, and 4606, V.C.S. However, the contemplation of Article 4606, V.C.S., was that some record of a statutory marriage be kept, and under the rule of Brightman v. Commanche County, citation supra, the clerk should place in the marriage records—in lieu of a lost license under which a marriage has been performed—such affidavits as may be furnished him of the fact of the ceremony, together with such records as he has that a license was in fact issued to the parties.

Yours very truly,

WAGGONER CARR
Attorney General

By *Larry Craddock Jr.*

Larry Craddock, Jr.
Assistant

LCjr:clg

Hon. Richard Hoerster, Page Four (C-407)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
George Black
Grady Chandler
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone